**VEDDER PRICE**

RECEIVED
AUG 1 0 2007

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

1633 BROADWAY, 47TH FLOOR

NEW YORK, NY 10019

212-407-7700

FACSIMILE: 212-407-7799

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

ALAN M. KORAL
212-407-7750
akoral@vedderprice.com

**MEMO ENDORSED**

August 9, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-07

**VIA OVERNIGHT DELIVERY**

Hon. Leonard B. Sand
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1650
New York, NY 10007

Re:    Lorusso v. Alitalia-Linee Aeree Italiane, S.p.A., 07 CV 3583 (LBS)(RLE)

Your Honor:

The undersigned represents Alitalia Linee Aeree Italiane, S.p.A. ("Alitalia"), defendant in the above-captioned matter, which is brought under the New York City Human Rights Law and which alleges age and gender discrimination and retaliation. Alitalia intends to move to quash a subpoena (a copy of which is enclosed) recently served by plaintiff Ester Lorusso ("Lorusso"), seeking the deposition of Howard Tiegel, Esq. ("Tiegel"), Alitalia's former Vice President for Human Resources and Senior Counsel, and we now write pursuant to the Local Civil Rule 37.2 and your own Individual Practices in order to request a pre-motion conference. Alternatively, we will move the Court to provisionally adjourn the Tiegel deposition, without prejudice to Alitalia's right to move to quash, until such time as all other fact depositions in this case have been conducted and counsel for both parties are in a better position to assess the need for Tiegel's testimony, and to fully brief the Court regarding the same. We have conferred with Lorusso's counsel prior to submission of this letter, but have been unable to resolve the issues raised by it.

Alitalia contends that the subpoena should be quashed on the grounds that it subjects Alitalia (not to mention Tiegel, himself) to an undue burden because: (1) Tiegel left the employ of Alitalia in early March 2003, a full year before the time period relevant to this suit and so his testimony would lack probative value; (2) Tiegel's deposition would inevitably infringe upon the attorney-client privilege; and (3) Tiegel entered into a confidential settlement agreement with Alitalia.

Lorusso's Initial Disclosures, made pursuant to Fed. R. Civ. P. Rule 26(a), identify Tiegel as an individual capable of describing how Alitalia's allegedly discriminatory practices



**MEMO ENDORSED**

VEDDERPRICE

Hon. Leonard B. Sand
August 9, 2007
Page 2

"impacted his and Ms. Lorusso's employment with Alitalia." However, Tiegel submitted his resignation via letter dated January 30, 2003, and that resignation was accepted by Alitalia via letter dated February 14, 2003. This action was then commenced on April 10, 2007 under the New York City Human Rights Law, and Tiegel's departure therefore preceded by more than a year any of the alleged events regarding which Lorusso makes timely complaint under the applicable three-year statute of limitations. The suggestion by Lorusso's counsel that Tiegel and Lorusso might have been "impacted" by the same alleged practices makes little sense for a further reason: Lorusso sues for age and gender discrimination, while Tiegel had suggested that there was discrimination against him based upon his (American) national origin and his (Jewish) religion. Consequently, it is extremely unlikely that Tiegel could provide testimony of any probative value to Lorusso's claims.

Additionally, Tiegel was the Company's Senior Counsel as well as its Vice President for Human Resources, and frequently provided legal advice to its executives as part of his normal duties. We submit that it would be extremely difficult to determine when Tiegel was functioning as an attorney and when he was functioning as a human resources executive and that attempting to delineate between the two would be unnecessarily burdensome, given his lack of probative knowledge, as would the inevitable likelihood of infringing upon the attorney-client privilege. Finally, Tiegel is committed to confidentiality in connection with the resolution of certain claims that he brought to Alitalia's attention. As discussed above, while these claims and their resolution have no relevance to this litigation, we are not confident that efforts to pry information from Tiegel will not run afoul of his confidentiality commitments.

For the foregoing reasons, we believe that the costs associated with preparing for, attending and participating in Tiegel's deposition, as well as the likelihood that the attorney-client privilege will be abrogated by the conduct of that deposition, vastly outweigh the minimal likelihood that Tiegel will be able to offer testimony of any relevance to Lorusso's claims, and that consequently the conduct of this deposition will be burdensome to Alitalia within the meaning of Fed. R. Civ. P. 45.

Finally, we must inform the Court of the fact that the subpoena notices Tiegel's deposition for August 28, 2007, and that it will consequently be necessary to file the motion no later than Monday, August 13, in order to fully brief the motion prior to that date in compliance with your honor's Individual Practices. We respectfully request that the Court be mindful of that timeline in scheduling any conference, or that the Court order an adjournment of the depositions until it has resolved the issues raised above.

We thank the Court in advance for turning its attention to this matter.



**MEMO ENDORSED**

VEDDERPRICE

Hon. Leonard B. Sand
August 9, 2007
Page 3

Respectfully submitted,

*[signature]*

Alan M. Koral

cc:     Hon. Ronald L. Ellis
        United States Magistrate Judge
        Daniel Patrick Moynihan United States Courthouse
        500 Pearl St., Room 1970
        New York, NY 10007

        Carrie R. Kurzon, Esq. (by facsimile)
        Robert W. Ottinger, Esq.  (by facsimile)
        The Ottinger Firm, P.C.

        Mr. Andrea Porru

*[handwritten endorsement]* endorsement

Referred to Magistrate Judge
Ellis  So ordered

*[signature]* Sand /LBS
6/13/07

# MEMO ENDORSED