EXHIBIT
DFT 3
12/19/07 HM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ESTER LORUSSO,

    Plaintiff,

vs.

ALITALIA - LINEE AEREE ITALIANE SpA,

    Defendant.

Index No:

COMPLAINT

Plaintiff Ester Lorusso ("Plaintiff"), by and through her attorneys, The Ottinger Firm, P.C. as and for her complaint against Alitalia Linee Aeree Italiane SpA ("Defendant" or "Alitalia"), alleges as follows:

## PARTIES

1. Plaintiff resides at 343 East 74th Street, New York, New York. She was employed by Defendant in New York City from October 1978 until January 2007. Plaintiff was terminated just before turning fifty. During the course of her employment, Plaintiff rose from the position of Telephone Sales Representative, up through various other positions, and ultimately to Director of Marketing.

2. Defendant Alitalia is the national airline of Italy and it is headquartered in Rome, Italy. The Defendant is registered in New York as a foreign business corporation and its principal New York office is located at 350 Fifth Avenue, New York, NY 10118.

## THE NATURE OF THE ACTION

3. This is a civil action for damages and remedies brought under the Administrative Code of the City of New York ("New York City Human Rights Law") against Defendant for discriminating against Plaintiff because of her age and sex and for retaliating against her when she complained about the discrimination.

4. Alitalia is a male dominated organization and the head of the New York Office was directed to rejuvenate that operation by getting rid of the "older faces."

5. Plaintiff, as woman nearing her fifties, felt the brunt of the older faces policy. She had her responsibilities stripped and was pushed into a dead end affiliate that was soon closed and she was ultimately terminated two months short of her fiftieth birthday.

6. Plaintiff and others complained about the discrimination, but the Company ignored the complaints and systematically engaged in age and gender bias.

## PROCEDURAL REQUIREMENTS

7. Prior to the commencement of this action, Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York on April 10, 2007, in accordance with N.Y.C. Admin. Code §8-502(c).

## STATEMENT OF FACTS

8. In 1978, Plaintiff began working at age 21 for Alitalia as a Telephone Sales Representative and rose steadily within the company.

9. In 1997, Travel Agent Magazine named Ms. Lorusso to its "Most Powerful Women in Travel" list.

10. By 2000 at the age of 42, Plaintiff reached the level of Director of Marketing Communications while receiving "Above Standard" and "Outstanding" reviews.

11. In 2001, the NY Times positively reviewed Plaintiff's advertising campaign for Alitalia.

12. From 2002 until the summer of 2003, Plaintiff reported to Paolo Pausini.

13. Throughout this period, Plaintiff was undermined in her duties as Mr. Pausini went around her to her male subordinates, shut her out of communications, removed tasks from her and treated her with contempt.

14. In 2003, when Plaintiff was 46 years old, she received her first negative performance review in 24 years. It was unwarranted.

15. Plaintiff complained of Mr. Pausini's bias against her as a woman and her performance review was changed to a positive one to better reflect her contributions.

16. In 2003, Mr. Pausini returned to Italy and Giulio Libutti was transferred from Buenos Aires, Argentina to New York City and became Senior Vice President, North America.

17. Plaintiff reported directly to Mr. Libutti.

18. Mr. Libutti was immediately dismissive of Plaintiff and made it clear to her that women were not meant to serve in executive capacities.

19. Mr. Libutti minimized and marginalized Plaintiff by cutting her off from information. Plaintiff was not informed of numerous essential meetings regarding marketing and communications despite her position as Director, Marketing Communications while male peers were informed of and invited to attend.

20. Throughout 2004, Mr. Libutti shifted Plaintiff's duties to a less-experienced male colleague leaving her with minimal responsibilities.

21. In August of 2004, Mr. Libutti eliminated Plaintiff's position and requested that she transfer to Alitalia subsidiary, GA2000.

22. Plaintiff's position was not eliminated but rather her tasks were given to a male colleague, Tim O'Neill, and to a younger and less experienced female, Francesca Forte.

23. GA2000 was a subsidiary that handled ticket consolidation and it was known that GA2000 was an operation that was likely to be closed

24. Although Plaintiff was offered a higher salary to work at GA2000, she did not want the transfer because she knew that the subsidiary would soon close.

25. At this time, Plaintiff complained to Human Resources that her transfer to GA2000 amounted to age and gender discrimination.

26. Francesco Gallo, Head of HR, convened a meeting to discuss the discrimination and assured Plaintiff that there would be an investigation – but Plaintiff never heard from HR again about this.

27. Plaintiff took the position at GA2000 in 2004 for fear of being unemployed.

28. In or around Summer 2005, Mr. Libutti announced that the Company intended to "rejuvenate" the NY office and would get rid of the "old faces."

29. In October 2005, Mr. Libutti informed Plaintiff that GA2000 would close in November 2005 and her position would be eliminated. Plaintiff was 48 yrs. old.

30. In October 2005, Plaintiff again complained of age and gender discrimination.

31. Instead of terminating Plaintiff's employment, she was placed alone on an empty floor in the Empire State Building to sit and wait.

32. In January of 2006, Mr. Gallo found Plaintiff a position as Director, Marketing Communications, Cargo.

33. Plaintiff was not given any work or recognized in her new role until the middle of April, 2006.

34. Plaintiff requested to apply for a position as a Vice President, Regulatory Affairs and was denied the opportunity to apply.

35. The position went to a younger male with no experience.

36. Throughout 2006, Plaintiff was given menial tasks such as updating company phone directories.

37. Plaintiff was again denied the opportunity to play a role in her division as she was not informed of meetings or permitted to attend major events while male peers were invited and encouraged to attend.

38. In February 2006, Plaintiff again attempted to interview for the Director of Regulatory Affairs position but heard nothing.

39. On November 6, 2006, Plaintiff requested for the third time, the opportunity to interview for the Regulatory Affairs position and asked again about the investigation of her age and gender discrimination complaints.

40. On November 7, 2006, Plaintiff was told that there will be an interview and that she will be contacted regarding her claims.

41. Plaintiff interviewed for the Vice-President of Regulatory Affairs position on November 8, 2006 but never heard about her investigation.

42. Plaintiff was never informed of the outcome of her interview.

43. Two positions in Plaintiff's area of expertise, marketing and sales, opened up.

44. These positions went to younger and inexperienced workers while Plaintiff was not even allowed to interview for these positions.

45. Plaintiff was never informed of nor allowed to participate in a Cargo incentive based bonus program which would have resulted in a 20-50% bonus while her male colleagues did participate.

46. Plaintiff was terminated in January 2007 at age 49.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### GENDER DISCRIMINATION
### IN VIOLATION OF N.Y. CITY ADMIN. CODE § 8-107(1)(a) et seq.

47. Plaintiff hereby repeats and realleges each of the above-mentioned allegations as if fully set forth herein.

48. Plaintiff was demoted, chastised, harassed, discriminated against and terminated because of her gender.

49. Plaintiff was qualified to be promoted, or hold any of the positions she sought.

50. Alitalia promoted less qualified men rather than consider Plaintiff who was well qualified.

51. Plaintiff was denied promotional opportunities and had her responsibilities diminished by Alitalia in order to prevent her from being promoted. Her responsibilities were often given to less qualified male colleagues.

52. Alitalia promotes a culture where men are provided with greater opportunities than women.

53. Plaintiff, because she is female, and despite her qualifications, was denied promotions and other opportunities, was subject to diminished authority, and was ultimately subject to termination of her employment.

54. By the acts and practices described above, Alitalia, through its employees and/or agents, subjected Plaintiff to gender discrimination in violation of the N.Y. City Admin. Code § 8-107(1)(a).

55. Mr. Libutti, who exercised managerial/supervisory control over Plaintiff, participated in the discriminatory acts, and failed to take corrective action. As such, Alitalia is strictly liable under N.Y. City Admin. Code § 8-107(13)(b).

56. As a direct and/or proximate result of Alitalia's unlawful conduct, Plaintiff has suffered irreparable injuries and monetary damages, and will continue to do so unless the Court grants relief.

## SECOND CAUSE OF ACTION
## AGE DISCRIMINATION
## IN VIOLATION OF N.Y. CITY ADMIN. CODE § 8-107(1)(a) et seq.

57. Plaintiff hereby repeats and realleges each of the above-mentioned allegations as if fully set forth herein.

58. Plaintiff was demoted, chastised, harassed and terminated because of her age under a stated policy of "rejuvenating" the office and eliminating "old faces."

59. Plaintiff was qualified to be promoted or hold any of the positions she sought.

60. Alitalia promoted less qualified younger workers rather than consider Plaintiff who was well qualified.

61. Plaintiff was denied promotional opportunities and had her responsibilities diminished by Alitalia in order to prevent her from being promoted and to make room for younger workers.

62. Alitalia openly promotes a culture where young workers are provided with greater opportunities.

63. Plaintiff, because she was a in a protected class of workers, and despite her qualifications, was denied promotion and other opportunities, was subject to diminished authority, and was ultimately subject to termination of her employment.

64. By the acts and practices described above, Alitalia, through its employees and/or agents, subjected Plaintiff to age discrimination in violation of the N.Y. City Admin. Code § 8-107(1)(a).

65. Mr. Libutti, who exercised managerial/supervisory control over Plaintiff, participated in the discriminatory acts and failed to take corrective action. As such, Alitalia is strictly liable under N.Y. City Admin. Code § 8-107(13)(b).

66. As a direct and/or proximate result of Alitalia's unlawful conduct, Plaintiff has suffered irreparable injuries and monetary damages, and will continue to do so unless the Court grants relief

## THIRD CAUSE OF ACTION
## RETALIATION
## IN VIOLATION OF N.Y. City Admin. Code § 8-107(6)&(7)

67. Plaintiff hereby repeats and re-alleges each allegation contained in the above paragraphs and incorporates the same, as if fully set forth herein.

68. Plaintiff engaged in protected activity by objecting to and complaining about age and gender bias.

69. After Plaintiff complained, she was isolated, demeaned, demoted, denied opportunities for promotions, positions, and bonuses, harassed and terminated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and issue:

(a) An award to Plaintiff of her actual damages in an amount to be determined at trial for lost wages and benefits, including an award of back pay and front pay;

(b) An award to Plaintiff of compensatory damages in an amount to be determined at trial for the humiliation, mental anguish, pain and suffering and emotional distress sustained by her;

(c) An award of punitive damages to deter future conduct by the Defendant, in an amount to be determined at trial;

(d) An award to Plaintiff of the costs of this action, including reasonable attorney's fees to the fullest extent permitted by law; and

(e) Such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 10, 2007

Respectfully submitted,

Robert W. Ottinger
The Ottinger Firm, P.C.
19 Fulton Street, Suite 400
New York, NY 10038
(212) 571-2000
Attorneys for Plaintiff
Ester Lorusso