UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ester Lorusso,

        Plaintiff,

-against-

Alitalia Linee Aeree Italiane, S.p.A.,

        Defendant.

---

Case No. 07 CV 3583

**ANSWER**

DEFENDANT, Alitalia Linee Aeree Italiane, S.p.A. ("Alitalia" or "Defendant"), answers the above-captioned Complaint, brought against it by Ester Lorusso ("Ms. Lorusso" or "Plaintiff"), as follows, in the same numbered order in which the allegations set forth in the Complaint appear:

## PARTIES

1. Defendant admits the allegations set forth in paragraph 1 of the Complaint, except denies that Plaintiff was employed by Alitalia until January, 2007, and denies that Plaintiff was terminated just before turning fifty. Further answering, Defendant states that Plaintiff was terminated effective March 31, 2007, and that she did not have the position of Director of Marketing at the time of her termination.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint, except denies that Alitalia is the national airline of Italy. Further answering, Defendant states that Alitalia is the largest Italian airline.

## THE NATURE OF THE ACTION

3.  The allegations set forth in paragraph 3 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Alitalia denies the same.

4.  Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5.  Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6.  Defendant denies the allegations set forth in paragraph 6 of the Complaint.

## PROCEDURAL REQUIREMENTS

7.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegations set forth in paragraph 7 of the Complaint, and therefore denies the same.

## STATEMENT OF FACTUAL ALLEGATIONS

8.  Defendant admits the allegations set forth in paragraph 8 of the Complaint, except denies that Plaintiff rose steadily within the company.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint, except denies that all of Plaintiff's reviews were "above standard" and "outstanding" as of 2000.

11. Defendant admits the allegation set forth in paragraph 11 of the Complaint.

12. Defendant admits the allegation set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint, except admits that Plaintiff was 46 years old in 2003.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits the allegation set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegation set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint. Further answering, Defendant states that Ms. Lorusso was offered the position of General Manager of GA2000, an Alitalia subsidiary, after her marketing position was eliminated.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint, except admits that GA2000 was a subsidiary that handled ticket consolidation.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint, except admits that Plaintiff was offered a higher salary for the position at GA2000. Further answering, Defendant states that the position offered to Plaintiff was that of General Manager, a higher position than that of Director, and that the offer constituted a promotion.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint, except admits that Francesco Gallo, then the head of Human Resources, convened a meeting to discuss complaints made by Plaintiff.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint, except admits that Plaintiff took the position in GA2000 that was offered to her.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

NEWYORK/#178364.1

29. Defendant admits the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegation set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint, except admits that Plaintiff's employment was not terminated when GA2000 was closed.

32. Defendant admits the allegations set forth in paragraph 32 of the Complaint, except denies that the position was "found" by Mr. Gallo.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint. Further answering, Defendant states that Plaintiff's new position did not commence until April, 2006, and she remained on payroll at her Managing Director's salary until that time.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegations set forth in paragraph 34 of the Complaint, and therefore denies the same.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint, except admits that the individual to whom the position went was male and was younger than Plaintiff.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegations set forth in paragraph 38 of the Complaint, and therefore denies the same.

39. Defendant is without knowledge or information sufficient to form a belief in the truth or falsehood of the allegations set forth in paragraph 39 of the Complaint, except admits that Plaintiff requested to interview for the Regulatory Affairs position and that she asked about her age and gender discrimination complaints.

40. Defendant admits the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint, except admits that Plaintiff interviewed for a Regulatory Affairs position.

42. Defendant denies the allegation set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragaph 43 of the Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint. Further answering, Defendant states that the Cargo Department incentive bonus program was only for people in Sales, not those like Plaintiff who were in Marketing.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION ALLEGED GENDER DISCRIMINATION (N.Y. City Admin. Code SEC. 8-107(1)(a) et seq.)

47. Defendant repeats and realleges its responses to paragraphs 1 through 46 of the Complaint, as set forth above, the same as if fully set forth in this paragraph 47.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. The allegations set forth in paragraph 54 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Alitalia denies the same.

55. The allegations set forth in paragraph 55 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains factual assertions, Alitalia denies the same, except admits that Mr. Libutti exercised managerial/supervisory control over Plaintiff.

56. The allegations set forth in paragraph 56 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains factual assertions, Alitalia denies the same.

## SECOND CAUSE OF ACTION

### ALLEGED AGE DISCRIMINATION
### (N.Y. City Admin. Code Sec. 8-107(1)(a) et seq.)

57. Defendant repeats and realleges its responses to paragraphs 1 through 56 of the Complaint, as set forth above, the same as if fully set forth in this paragraph 57.

58. Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. The allegations set forth in paragraph 64 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains factual assertions, Alitalia denies the same.

65. The allegations set forth in paragraph 65 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however,

that this paragraph contains factual assertions, Alitalia denies the same, except admits that Mr. Libutti exercised managerial/supervisory control over Plaintiff.

66. The allegations set forth in paragraph 66 of the Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains factual assertions, Alitalia denies the same.

### THIRD CAUSE OF ACTION

### ALLEGED RETALIATION
### (N.Y. City Admin. Code Sec. 8 - 107(6) and (7))

67. Defendant repeats and realleges its responses to paragraphs 1 through 66 of the Complaint, as set forth above, the same as if fully set forth in this paragraph 67.

68. The allegations set forth in paragraph 68 of the Complaint consist of mere legal conclusion, argument and conjecture, and therefore require no response. To the extent, however, that this paragraph contains factual assertions, Alitalia denies the same, except admits that Plaintiff complained about alleged age and gender bias.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in her prayer for relief.

Dated: New York, New York.
May 22, 2007

Respectfully submitted,

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

/s/: Alan M. Koral
    Alan M. Koral 01509659
    1633 Broadway, 47th Floor
    New York, New York  10019
    (212) 407-7700
    (212) 407-7799

    Attorneys for Defendant
    ALITALIA LINEE AEREE ITALIANE,
    S.P.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ester Lorusso,

        Plaintiff,

-against-

Alitalia Linee Aeree Italiane, S.p.A.,

        Defendant.

Case No. 07 CV 3583

**AFFIDAVIT OF SERVICE**

**STATE OF NEW YORK** )
                          ) ss.:
**COUNTY OF NEW YORK** )

    Charles Caranicas, being duly sworn, deposes and says:

    1.    I am over the age of eighteen years and not a party to this action, and reside in Brooklyn, New York.

    2.    On May 22, 2007, I caused the attached **ANSWER**, to be served via Overnight courier to:

        Robert W. Ottinger, Esq.
        The Ottinger Firm, P.C.
        19 Fulton Street
        New York, NY 10038
        Attorney for Plaintiff *Ester Lorusso*

                                Charles Caranicas

Sworn to and subscribed before me
this 22nd day of May, 2007

_____
Notary Public

ANNETTE BUNZEL
Notary Public, State of New York
No. 24-4800660
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires April 30, 20__

NEWYORK/#179320.1