# EXHIBIT X



## Porru Andrea

**Da:** Longo Walter
**Inviato:** venerdì 10 novembre 2006 13.43
**A:** Porru Andrea
**Cc:** Bruni Luca
**Oggetto:** RE: Lorusso investigation

Andrea,

With reference to your second note of same subject, dated November 7th 06, please find hereafter the answer to the additional concerns that Mrs. Lorusso recently raised.

As far as the points 1, 2, 3, I can confirm that the information reported, addressing specifically the cargo aspects, are true; I can not say anything on the passenger issues.
I'm not aware of the criteria that have been supporting different organizational solutions for positions very similar, as the ones of Mrs. Codiglia and Mrs. Lorusso; I don't know either the reason of the different status of Mrs. Lorusso between her previous position in passenger division and the current one in Cargo. As documented in my previous note, the decisions have been made by the H/O.

Regarding her statement as per point 4, where she affirms that she build the agent database without any direction, let me point out that it is technically impossible, since the agents directory that is stored in a IT system (MDC) owned and controlled directly by myself and my managers, has been the source feeding the agents database. Therefore it couldn't be given to her without my support and my instruction.

I hope that I answered exhaustively to all your questions and I wish you will recognize how seriously I consider the entire matter.
Best regards
W. Longo

Walter Longo
Vice President Cargo
The Americas
Alitalia Cargo
350 Fifth Avenue
New York New York 10118
Tel 212.903.3559
Fax 212.903.3507
Email:Longo.Walter@Alitalia.it

---

**From:** Porru Andrea
**Sent:** Tuesday, November 07, 2006 2:41 PM
**To:** Longo Walter
**Cc:** Bruni Luca
**Subject:** Lorusso investigation
**Importance:** High

Walter,

a week ago I sent you a set of questions regarding Ester Lorusso's position in connection with an investigation I am conducting pursuant to Company policy into a complaint that she has registered. To date you have not responded, and I must insist that you do so promptly because it's really important that I give Ms Lorusso a feedback on the investigation.

As you know Ms. Lorusso yesterday has raised additional concerns with another e-mail and I must ask you also to answer these additional questions as soon as possible:

1. Ms. Lorusso says that Ms. Codiglia was at the Coordinator level before her retirement. Is this true? And if it is true, is the position now at the Director level and how has it changed?

2. Ms. Lorusso claims that she has nobody reporting to her in her position of Director Cargo Marketing Communications, whereas on the Passenger side the similar position that she occupied had a staff of about 14. Is it true that nobody reports to Ms. Lorusso now? If so, why does the Director of Cargo Marketing Communications not require a staff? Is this because, as Ms. Lorusso claims, all Cargo advertising is placed out of the Rome office? If that is true, what responsibilities does the Director of Cargo Marketing Communications in New York have?

3. Ms. Lorusso claims that there is no Cargo Marketing Communications budget. Is this true? If it is true, then how do we expect Ms. Lorusso to conduct effective marketing efforts? Are there plans to create a cargo marketing communications budget?

4. Ms. Lorusso claims that she has created work for herself, presumably because there is really nothing for her to do. Have you prepared a job description for this position? Are you in the process of doing so? She claims that she (on her own) created a database of cargo email contacts and that she creates newsletters that she sends to this database. Is it true that she did this without direction from you? Is it effective? Does she do anything else? She claims that she is given little responsibility.

Walter, these are serious questions and I must have complete responses.

Let me remind you again, although I am sure that it is not necessary, that Ms. Lorusso is entirely within her rights to raise these issues and that the Company prohibits retaliation against her in any manner whatever for having done so.

I look forward to your response

Tks
Ciao
Andrea

*Andrea Porru*
*Director*
*Human Resources Americas*
*ALITALIA*
*350 Fifth Avenue, Suite 3700*
*New York - NY 10118*
*Tel: 001 212 903 3415*
*Fax: 001 212 903 3535*
*Mob: 001 917 915 9692*


-----Messaggio originale-----
**Da:** Porru Andrea
**Inviato:** lunedì 30 ottobre 2006 11.42
**A:** Longo Walter
**Cc:** Bruni Luca
**Oggetto:** I: Cargo Position
**Priorità:** Alta

Walter,

I am conducting an investigation of Ester Lorusso's allegations of sex discrimination and retaliation, as you know. I want to confirm a few facts with you in writing, and ask you some questions about matters that were not addressed in the response to Ms. Lorusso that you drafted and sent to me on September 28, 2006.

1. Please confirm that the following are accurate statements. They are based on your draft response to Ms. Lorusso:

D0029

    a. Ms. Lorusso's current position (Director, Marketing Communications (Cargo)) is a "real" position, previously occupied by Ms. Codiglia until her retirement.

    b. Ms. Lorusso has in fact performed significant work in this position and will continue to have significant work to do in this position.

    c. Ms. Lorusso required no training because of her prior experience in the Passenger Division. Nevertheless, she has not been very proactive and has not even visited the cargo areas, which you have encouraged her to do.

    d. Ms. Lorusso's work is satisfactory and accordingly you confirmed her completion of her probationary period on September 29, 2006.

If anything in the above statements is incorrect or only partly correct, please explain thoroughly.

2. Were you involved in the selection of Ms. Lorusso for the position? If so, what were her qualifications?

3. Ms. Lorusso claims that she was asked in January to take the position of Director of Marketing, Cargo, but that after she accepted the position was given to Michele DiFeo, she got the title Director, Marketing Communications, and her salary was reduced. (i) In your draft response you deny that Ms. Lorusso was first offered the position of Director of Marketing. When was the job offered to DiFeo and why was he better qualified for it? (ii) Is it true that Ms. Lorusso's salary was reduced when she became Director of Marketing Communications? If so, who made this decision and, if you know, why?

4. Were you involved in the decision to place Ms. Lorusso on probation in the new position? If so, what were the reasons for placing her on probation?

5. Ms. Lorusso claims that she has not been asked to attend any meetings since she joined the Cargo department. Is this true? If so, what is the reason? If it is not true, please list the meetings she has been asked to attend, state whether she attended the meeting, and if she did not attend, the reason that she did not attend.

6. Why did Ms. Lorusso not attend the Worldwide Cargo meeting in Rome in June, 2006. Is it true that Paul Backstrom and Michele DiFeo attended? If so, why did they attend?

7. Was Ms. Lorusso "isolated" on the 36th floor or were there colleagues with her? Did her being on the 36th floor have any negative effects on her ability to do her job or get assignments? Did she ever complain to you about her "isolation" and state that it diminished her sense of self worth? Did you hear that she had complained to others about the "isolation" and, if so, what did she say?

8. Did you ever hear Giulio Libutti "verbally harass" Ms. Lorusso? If so, what did you hear and why did you regard it as harassing? Did you ever hear Ms. Lorusso complain about being "verbally harassed" by Mr. Libutti? If so, what did she say? Did you ever hear from others that Ms. Lorusso was complaining about being "verbally harassed" by Mr. Libutti, and if so what did they tell you?

9. Were you involved in any way in the elimination of Ms. Lorusso's position in the Passenger Division? If so, explain your understanding of why the position was eliminated and why Ms. Lorusso was given the position as head of GA2000. If you were involved in the selection of Marco D'Ilario, please explain why he was selected rather than Ms. Lorusso.

Walter, I appreciate your taking the time to respond to these questions so that I can understand the underlying facts of Ms. Lorusso's situation.

I also want to remind you that it is both illegal and contrary to strict Alitalia policy to retaliate against any employee for complaining about what he or she believes is discriminatory or retaliatory treatment. Therefore, even though you may believe that Ms. Lorusso is incorrect in many or all of her allegations regarding discrimination and retaliation, you must be very careful not to retaliate in any way against Ms. Lorusso because she made a complaint. If you have any questions about how to handle any situations with Ms. Lorusso, please see me immediately.

Finally, please avoid getting into any arguments or discussions with Ms. Lorusso about the details of her complaint. I am conducting an investigation according to company policy. Ms. Lorusso had a right to bring her complaints to you and to HR, but this is a matter for HR to investigate. If Ms. Lorusso attempts to start a conversation about her complaints, refer her politely to me. Needless to say, you are not to discuss Ms. Lorusso or her complaint with her peers or anyone else in the Department. If you are asked questions, refer the person to me.

I await your response and many thanks for your cooperation in advance

Ciao
Andrea

*Andrea Porru*
*Director*
*Human Resources Americas*
*ALITALIA*
*350 Fifth Avenue, Suite 3700*
*New York - NY 10118*
*Tel: 001 212 903 3415*
*Fax: 001 212 903 3535*
*Mob: 001 917 915 9692*

-----Messaggio originale-----
**Da:** Porru Andrea
**Inviato:** mercoledì 11 ottobre 2006 21.32
**A:** Lorusso Ester
**Cc:** Longo Walter
**Oggetto:** R: Cargo Position

Dear Ester,

I am writing in response to your email in which you express concerns about your employment with Alitalia.

I am puzzled after your email because my understanding is that there are no reasons for you to be concerned about your employment. I have communicated with Walter Longo to whom you report and who is as you well know the Vice President of Cargo for the Americas, and he has confirmed my understanding that the job you occupy is a real job (performed in the past by Ms. Codiglia until her retirement), that you have been performing significant work in that role and that your work has been satisfactory, such that Walter Longo recently signed a standard Alitalia form indicating that you have passed probation. You do raise some issues, however, regarding your current job -- the apparent failure to include you in meetings, alleged isolation -- that will require my investigation.

I am quite troubled that you raise issues of alleged discrimination with which I was entirely unfamiliar. I take such allegations very seriously, and you may rest assured that I will conduct a very thorough investigation to determine whether there is substance to your assertion or whether, perhaps, there is a misunderstanding.

We have strong policies at Alitalia against discrimination and retaliation. I have a deep belief in the appropriateness of these policies, and in this I am totally supported by the senior management of the Company.

I thank you for calling to my attention what you believe are violations of these policies, as reporting violations and giving the Company the opportunity to investigate and if necessary remedy violations is extremely important. If you have any other evidence of such violations, please call them to my attention as soon as practicable. I assure you that there will be no retaliation against you or any employee who reports violations of these or other policies to me or who assists in my investigation of reported .

I or somebody designated by me will be speaking with you shortly regarding the contents of your email. In the meantime, Ester, please feel free to contact me.

D0031