# EXHIBIT U

**Porru Andrea**

**Da:** Longo Walter
**Inviato:** giovedì 9 novembre 2006 14.48
**A:** Porru Andrea
**Cc:** Bruni Luca
**Oggetto:** RE: Cargo Position
**Allegati:** email_nr4_RE Ester Lorusso.htm; Email_nr1_CommunicationPromotionAdvertising Manager.htm; email_nr2_Marketing staff in NYC YW Office.htm; email_nr2bis_R Ester Lorusso.htm; email_nr3_RE Marketing Cargo NYC.htm; email_nr3bis_R_ester lorusso.txt

Andrea,

With reference to your note dated Oct 30-06 same subject, please find hereafter, in the same order of your questions, the answers I am able to provide to support your investigation.

1. a - Mrs. Lorusso job description is the same that Mrs. Codiglia used to carry out until her retirement and it matches as well the one that Mrs. Lorusso already used to look after in passenger division.
   The main tasks (promotion, advertising, press releases, and announcements to the Industry etc.) are all aiming to present in the most impressive way the image and the messages of AZC to the Market; her mission is also important to arrange marketing events, functions with our customers, to launch new products or in any other kind of promotional interaction with our Agents.

   I provided to HR H/O a clear profile of the tasks E. Lorusso is supposed to perform (see my email dated Feb. 21, 2006 to L. Bruni).(see attachment nr 1)

   Having above said what E. Lorusso mission envisages and includes, for your perusal and full understanding let me be specific on the tasks that she isn't accountable at all:
   Sales policy, performance analysis of AZC and competition, pricing and products design, agreements with Corporate Freight Forwarders, customers segmentation, quotas assignments etc.: I mean all the commitments and the responsibilities that require a strong technical background in Cargo sales and are assigned to a separate devoted line, the Director of Marketing & Business Development.

1. b - Mrs. Lorusso records in her Cargo responsibilities show that she carried out concrete tasks supporting the promotional events occurred. In particular she supported the launch of the new Stations, (e.g. ATL,LAX), the opening/moving of new warehouses (BOS, YUL) and the flyers announcing the updated rates of AZC. More over she took care of the organization of the Agents Data Base.

   Is she going to continue to have a significant work in this position?
   According to the Americas AZC needs that I represent, the mission that E. Lorusso is carrying on is definitively useful and relevant to the effectiveness of AZC marketing.
   But Mrs. Lorusso perception of his current job is affected by the continuous comparison with her legacy experience in passenger division. Bottom line, she feels just downsized, utilized below her capabilities no matter what important can be for Cargo her activity, even though she accepted this position in Cargo well aware of the disparity of the conditions between her previous experience and the current one.

1. c- Your statement is correct.

1. d- Correct

2. No, I didn't take any initiative. I have been requested in Jan. 2006 by H/O HR and by the Corporate Affair NYC to accommodate and make possible a back up solution to overcome the legal issues foreseen by E. Lorusso's line in view of the closing of the Unit GA 2000 she was leading.

D0022

12/07/2007

My alert on the decision to move E. Lorusso in Cargo (see my email to Ricci,Bruni,Gallo,Schisano dated Jan. 10 2006 attachment nr2) clearly reflects that I was available to welcome her in Cargo to provide the Company with an escape against a potential law suit consequent to her job termination in GA2000. In the same email I also pointed out that prerequisite of her integration in Cargo structure was a clear differentiation between her mission (focused on the communication to promote AZC image) and the mission of the Director of Marketing&Business Development, that requires a knowledgeable Cargo expertise. The H/O agreed on this approach (see email Ricci to Scippa, Bruni, Schisano - attachment nr 2bis).

3 . The entire matter, including the proposition to E. Lorusso of the position in Cargo and the salary reduction has been dealt by the H/O (see the email of L. Bruni regarding the meeting in Rome 8-9 Feb.- 06 with Ricci, Gallo, Libutti - attachment nr 3 and nr 3bis). Also M. Di Feo relocation from ATL to NYC has been decided by the H/O Cargo and HR.

4 . I am not been involved in the decision on the probation; this particular aspect has to be carried out by HR. The only visibility I have is the H/O HR email of March 15, 2006.(attachment nr 4)

5 . I believe that Mrs. Lorusso in her complaints for not been involved in several meetings, addresses specifically the meetings held by the H/O Cargo in Rome.
My colleagues and myself have a friendly and positive contacts with her; in particular when AZC has to attend a marketing event, Ester is involved sharing both the preparation and the direct participation to the meeting, as happened last time in the two days "Appreciation Meeting In Chicago"-Oct.11/12 2006– that she attended with us and supported very well.

6 . It is true that E . Lorusso didn't attend any meeting in Rome ; the decision to involve her or other managers in those meetings is up to the H/O; however the topics discussed (mostly PFA ,Budget, etc) technically don't require any contribution by Ester, as well as from other managers, (e.g. P.Guidotti and some times P.Backstrom) that in fact often don't come either.

7 . I have been the one that alerted you about the issue of Lorusso "isolated" , when you were freshly arrived, in September. I understand you had so many other commitments to tackle all together and my request to move her hasn't been fulfill as quickly as requested.

8 – 9 . I can't be of any help for the questions as per point 8 and 9, including the alleged episodes of harassment and/or discrimination, because the matter of the issues I read in those two points is definitively unknown to me and certainly not pertaining E.Lorusso working experience in Cargo.

Best Regards
W. Longo

Walter Longo
Vice President Cargo
The Americas
Alitalia Cargo
350 Fifth Avenue
New York New York 10118
Tel 212.903.3559
Fax 212.903.3507
Email:Longo.Walter@Alitalia.it

---

**From:** Porru Andrea
**Sent:** Monday, October 30, 2006 11:42 AM
**To:** Longo Walter
**Cc:** Bruni Luca
**Subject:** I: Cargo Position
**Importance:** High

Walter,

I am conducting an investigation of Ester Lorusso's allegations of sex discrimination and retaliation, as you know. I want to confirm a few facts with you in writing, and ask you some questions about matters that were not addressed in the response to Ms. Lorusso that you drafted and sent to me on September 28, 2006.

D0023

1. Please confirm that the following are accurate statements. They are based on your draft response to Ms. Lorusso:

    a. Ms. Lorusso's current position (Director, Marketing Communications (Cargo)) is a "real" position, previously occupied by Ms. Codiglia until her retirement.

    b. Ms. Lorusso has in fact performed significant work in this position and will continue to have significant work to do in this position.

    c. Ms. Lorusso required no training because of her prior experience in the Passenger Division. Nevertheless, she has not been very proactive and has not even visited the cargo areas, which you have encouraged her to do.

    d. Ms. Lorusso's work is satisfactory and accordingly you confirmed her completion of her probationary period on September 29, 2006.

If anything in the above statements is incorrect or only partly correct, please explain thoroughly.

2. Were you involved in the selection of Ms. Lorusso for the position? If so, what were her qualifications?

3. Ms. Lorusso claims that she was asked in January to take the position of Director of Marketing, Cargo, but that after she accepted the position was given to Michele DiFeo, she got the title Director, Marketing Communications, and her salary was reduced. (i) In your draft response you deny that Ms. Lorusso was first offered the position of Director of Marketing. When was the job offered to DiFeo and why was he better qualified for it? (ii) Is it true that Ms. Lorusso's salary was reduced when she became Director of Marketing Communications? If so, who made this decision and, if you know, why?

4. Were you involved in the decision to place Ms. Lorusso on probation in the new position? If so, what were the reasons for placing her on probation?

5. Ms. Lorusso claims that she has not been asked to attend any meetings since she joined the Cargo department. Is this true? If so, what is the reason? If it is not true, please list the meetings she has been asked to attend, state whether she attended the meeting, and if she did not attend, the reason that she did not attend.

6. Why did Ms. Lorusso not attend the Worldwide Cargo meeting in Rome in June, 2006. Is it true that Paul Backstrom and Michele DiFeo attended? If so, why did they attend?

7. Was Ms. Lorusso "isolated" on the 36th floor or were there colleagues with her? Did her being on the 36th floor have any negative effects on her ability to do her job or get assignments? Did she ever complain to you about her "isolation" and state that it diminished her sense of self worth? Did you hear that she had complained to others about the "isolation" and, if so, what did she say?

8. Did you ever hear Giulio Libutti "verbally harass" Ms. Lorusso? If so, what did you hear and why did you regard it as harassing? Did you ever hear Ms. Lorusso complain about being "verbally harassed" by Mr. Libutti? If so, what did she say? Did you ever hear from others that Ms. Lorusso was complaining about being "verbally harassed" by Mr. Libutti, and if so what did they tell you?

9. Were you involved in any way in the elimination of Ms. Lorusso's position in the Passenger Division? If so, explain your understanding of why the position was eliminated and why Ms. Lorusso was given the position as head of GA2000. If you were involved in the selection of Marco D'Ilario, please explain why he was selected rather than Ms. Lorusso.

Walter, I appreciate your taking the time to respond to these questions so that I can understand the underlying facts of Ms. Lorusso's situation.

I also want to remind you that it is both illegal and contrary to strict Alitalia policy to retaliate against any employee for complaining about what he or she believes is discriminatory or retaliatory treatment. Therefore, even though you may believe that Ms. Lorusso is incorrect in many or all of her allegations regarding discrimination and retaliation, you must be very careful not to retaliate in any way against Ms. Lorusso because

D0024

she made a complaint. If you have any questions about how to handle any situations with Ms. Lorusso, please see me immediately.

Finally, please avoid getting into any arguments or discussions with Ms. Lorusso about the details of her complaint. I am conducting an investigation according to company policy. Ms. Lorusso had a right to bring her complaints to you and to HR, but this is a matter for HR to investigate. If Ms. Lorusso attempts to start a conversation about her complaints, refer her politely to me. Needless to say, you are not to discuss Ms. Lorusso or her complaint with her peers or anyone else in the Department. If you are asked questions, refer the person to me.

I await your response and many thanks for your cooperation in advance

Ciao
Andrea

*Andrea Porru*
*Director*
*Human Resources Americas*
*ALITALIA*
*350 Fifth Avenue, Suite 3700*
*New York - NY 10118*
*Tel: 001 212 903 3415*
*Fax: 001 212 903 3535*
*Mob: 001 917 915 9692*

-----Messaggio originale-----
**Da:** Porru Andrea
**Inviato:** mercoledì 11 ottobre 2006 21.32
**A:** Lorusso Ester
**Cc:** Longo Walter
**Oggetto:** R: Cargo Position

Dear Ester,

I am writing in response to your email in which you express concerns about your employment with Alitalia.

I am puzzled after your email because my understanding is that there are no reasons for you to be concerned about your employment. I have communicated with Walter Longo to whom you report and who is as you well know the Vice President of Cargo for the Americas, and he has confirmed my understanding that the job you occupy is a real job (performed in the past by Ms. Codiglia until her retirement), that you have been performing significant work in that role and that your work has been satisfactory, such that Walter Longo recently signed a standard Alitalia form indicating that you have passed probation. You do raise some issues, however, regarding your current job - - the apparent failure to include you in meetings, alleged isolation - - that will require my investigation.

I am quite troubled that you raise issues of alleged discrimination with which I was entirely unfamiliar. I take such allegations very seriously, and you may rest assured that I will conduct a very thorough investigation to determine whether there is substance to your assertion or whether, perhaps, there is a misunderstanding.

We have strong policies at Alitalia against discrimination and retaliation. I have a deep belief in the appropriateness of these policies, and in this I am totally supported by the senior management of the Company.

I thank you for calling to my attention what you believe are violations of these policies, as reporting violations and giving the Company the opportunity to investigate and if necessary remedy violations is extremely important. If you have any other evidence of such violations, please call them to my attention as soon as practicable. I assure you that there will be no retaliation against you or any employee who reports violations of these or other policies to me or who assists in my investigation of reported .

D0025

I or somebody designated by me will be speaking with you shortly regarding the contents of your email. In the meantime, Ester, please feel free to contact me.

Tks
ciao
Andrea

*Andrea Porru*
*Director*
*Human Resources Americas*
*ALITALIA*
*350 Fifth Avenue, Suite 3700*
*New York - NY 10118*
*Tel: 001 212 903 3415*
*Fax: 001 212 903 3535*
*Mob: 001 917 915 9692*

-----Messaggio originale-----
**Da:** Lorusso Ester
**Inviato:** mercoledì 27 settembre 2006 10.47
**A:** Longo Walter
**Cc:** Porru Andrea
**Oggetto:** Cargo Position

Dear Walter,

I'm writing to express my concern about my employment with Alitalia.

It has been six months since I've been given the assignment of Director, Marketing Communications yet my job responsibilities remain unclear.

I was asked if I'd accept the position of Director of Marketing for the Cargo Division in January of this year.

After having accepted, I learned that a) my salary would be reduced and b) Michele DiFeo had also been given the title of Director of Marketing. (On paper my title then became Director, Marketing Communications, the 'Communications' word having been added in April.)

In addition, I was put on probation for six months. (There was no probation when I accepted the GA2000 Managing Director position.)

In July '06, a Worldwide Cargo meeting was held in Rome. Present were Paul Backstrom and Michele DiFeo, the two other U.S. cargo directors. I was not informed of this meeting.

In fact, I have not been asked to attend a single meeting since I began my cargo role, nor have I had any training.

In all of this time, I have been alone, isolated in an office on the 36th floor. This isolation, along with the lack of a real assignment, has resulted in a diminished sense of self worth and a state of distress.

In 2004 when I was Director, Marketing (Passenger Division), I was offered what was called a "promotion" to GA2000 from G. Libutti. I stated that it was not a promotion but a unilateral transfer.

At the time, my marketing responsibilities were being given to another director and Mr. Libutti said that he needed to eliminate my position. I raised my concerns over this in writing and asked for an investigation into sexual discrimination. After having been verbally harassed by Mr. Libutti since his start in New York,

D0026

12/07/2007

and with the culmination of him giving my job to another director, I reluctantly accepted the GA200 position out of fear of losing my employment with the company.

One year later, on October 31, 2005, GA2000 ceased operations. I believe I was placed at GA with the knowledge that Mr. Libutti would close the company within a year. (I stated this to Libutti and Gallo in November, 2005.)

I was then offered the Cargo Marketing position. Once again, I feel my employment is at risk.

At Cargo, why was I offered a position that was also given to another employee?

At Passenger Division, out of four directors' positions, (Lorusso, Mariotti, D'ilario, O'Neill) mine was the only one that had to be eliminated. Why did I not get any feedback from the sexual discrimination investigation?

If the company objective was to reduce directors' positions, why was I not given the opportunity for Senior Director of Sales, the position given to Marco D'iLario, who was not a director at the time?

I await your response.

Ester