Robert Ottinger (RO-8879)
The Ottinger Firm, P.C.
South Street Seaport
19 Fulton Street, Suite 408
New York, New York 10038
(212) 571-2000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESTER LORUSSO,<br><br>     Plaintiffs,<br><br>vs.<br><br>ALITALIA-LINEE AEREE ITALIANE SpA.<br><br>     Defendant. | 07 CV 3583 |

**PLAINTIFF'S LOCAL RULE 56.1 COUNTER-STATEMENT**

Plaintiff Ester Lorusso ("Plaintiff" or "Lorusso"), by her attorneys, The Ottinger Firm, P.C., submits this Local Rule 56.1 Counter-Statement in opposition to the motion for summary judgment of Defendant Alitalia-Linee Aeree Italiane SpA ("Defendant" or "Alitalia").

All referenced exhibits are attached to the accompanying Declaration of Robert Ottinger.

  1. Admitted.

  2. Admitted.

  3. Admitted.

4. Admitted.

5. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the statements made in paragraph 5. Even if true, Plaintiff denies that the statements made in paragraph 5 address the reasons for the systematic reduction of Plaintiff's responsibilities, the job transfers to which she was subject and the ultimate termination of her employment by Alitalia.

Plaintiff bases this denial upon discriminatory statements made by Pierandrea Galli ("Galli") (Managing Director for the Americas until his 2004 departure), and Giulio Libutti ("Libutti") (Alitalia's Senior Vice President, North America, and its highest ranking employee in the New York office, starting in 2004) raising a material issue of fact regarding their discriminatory animus towards Plaintiff. Specifically, at some point in 2004, as well as in August 2004, Galli and Libutti made comments to both Francesco Gallo (then Senior Vice President, Regulatory Affairs for North America) and Andrea Sciarresi (who was Alitalia's Human Resources Director for North America and Mexico in 2004), regarding personnel changes they wanted to make – changes in clear violation of American law precluding employment discrimination based on age or gender. Ex. G at 7-12 (Sciarresi Depo.); Ex. E at 13:25-15:1 (Libutti Depo.); Ex. F at 8 (Galli Depo.).

Libutti and Galli told Gallo that, "there was a program to substitute as much as possible old people at Alitalia, not just Ester Lorusso." Ex. D at 16:17-17:21 (Gallo Depo., Jan. 7, 2008). Libutti, Sciarresi's supervisor, told Sciarresi that "[h]e wanted to make a reorganization plan in order to fire the old people in the company and replace them with young people, new, appoint or maybe promoting new manager in the

2

company." Ex. G at 8-9 (Sciarresi Depo.). As a direct result of Libutti's plan, "Mr. Libutti wanted to move Ester Lorusso to GA2000," a subsidiary of Alitalia. Ex. G at 10 (Sciarresi Depo.). Moreover, at this same time, Libutti told Sciarresi, "he wasn't comfortable with a woman in high position". Ex. G at 11:24-12:10 (Sciarresi Depo.).

6. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the statements made in paragraph 6. Even if true, Plaintiff denies that the statements made in paragraph 6 address the reasons for the systematic reduction of Plaintiff's responsibilities, the job transfers to which she was subject and the ultimate termination of her employment by Alitalia.

Plaintiff bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

7. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the statements made in paragraph 7. Even if true, Plaintiff denies that the statements made in paragraph 7 address the reasons for the systematic reduction of Plaintiff's responsibilities, the job transfers to which she was subject and the ultimate termination of her employment by Alitalia.

Plaintiff bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

8. Admitted. Plaintiff further states that throughout 2004, Libutti shifted Plaintiff's duties to a less experienced male employee, Timothy O'Neill, and his staff, and left Plaintiff with minimal responsibilities. For example, Libutti gave O'Neill responsibility for a yearly sales meeting, a yearly symposium, certain workshops and other marketing meetings. Ex. C at 127, 192-193, 196, 1999 (Lorusso Depo.); Ex. L.

In addition, after the elimination of Plaintiff's job, Plaintiff's advertising responsibilities were given to Francesca Forte, and her responsibilities for promotional barter were given to Lisa Del Percio. Ex. C at 202-204 (Lorusso Depo.).

9. Plaintiff denies that she was "promoted" to the position of Managing Director of GA2000, though she does admit that she accepted this position. Plaintiff denies this position was a promotion since in 2003 and 2004 Galli and Libutti had expressed their intention to close GA2000. These statements were made in the presence of Gabriele M. Mariotti ("Mariotti"), a member of the senior management for Alitalia in the New York office, who from 2003-2005 held the positions of Director of Pricing and, later, Director of Pricing and Direct Sales. Ex. H (Mariotti Affidavit, dated May 28, 2008, ("Mariotti Aff.").

10. Admitted.

11. Plaintiff denies this paragraph except to the extent she admits that she viewed the position with GA2000 as a transfer and that she accepted this position. Plaintiff refers the Court to the cited documents for their true content. Plaintiff further denies this position was a promotion since in 2003 and 2004 Galli and Libutti had

expressed their intention to close GA2000. These statements were made in the presence of Mariotti. Ex. H (Mariotti Aff.).

12. Plaintiff denies this paragraph except to the extent she admits that she viewed the position with GA2000 as a transfer and that she accepted this position. Plaintiff refers the Court to the cited documents for their true content. Plaintiff further denies this position was a promotion since in 2003 and 2004 Galli and Libutti had expressed their intention to close GA2000. These statements were made in the presence of Mariotti. Ex. H (Mariotti Aff.).

13. Admitted.

14. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content.

15. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

16. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further denies this paragraph since in 2003 and 2004 Galli and Libutti had expressed their intention to close GA2000. These statements were made in the presence of Mariotti. Ex. H (Mariotti Aff.).

17. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further denies this paragraph since in

2003 and 2004 Galli and Libutti had expressed their intention to close GA2000. These statements were made in the presence of Mariotti. Ex. H (Mariotti Aff.).

18. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further denies this paragraph since in 2003 and 2004 Galli and Libutti had expressed their intention to close GA2000. These statements were made in the presence of Mariotti. Ex. H (Mariotti Aff.).

19. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further refers the court to her late-September 2006 and early-November 2006 complaints that reference her October 2005 complaint. Ex. T at D0013.

20. Plaintiff admits this paragraph and further states that her salary was reduced when she was given the position of Director, Marketing and Communications, Cargo. See Ex. T at D0013.

21. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further states that she had little work to do and created work for herself such as updating company phone directories. Ex. C at 237:12-238 (Lorusso Depo.) Moreover, she had no budget and no employees to supervise. Ex. O.

22. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. See Ex. T at D0013.

23. Admitted

24. Admitted.

25. Admitted.

26. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content.

27. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content.

28. Admitted.

29. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff admits that Lucia Alla was given the marketing position.

30. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and she refers the Court to the cited documents for their true content.

31. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content.

32. Plaintiff denies this paragraph and refers to the Court to the cited documents for their true content. For example, Andrea Porru, Director, Human Resources Americas responded to Plaintiff in an October 11, 2006 e-mail that he was "quite troubled that you raise issues of alleged discrimination with which I was entirely unfamiliar." Ex. T at D0012. Similarly, Walter Longo, Vice President, Cargo, The

Americas, recognized that Lorusso raised issues relating to alleged discrimination when he said he "can't be of help for the questions [pertaining to ...] the alleged episodes of harassment and/or discrimination . . . ." Ex. U at D0023.

33. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content.

34. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content.

35. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. In particular, at page D0016 of the referenced e-mail, Plaintiff stated, "Her [Lucia Alla's] promotion comes after I raised the issue of ongoing gender discrimination, and at a time when there are no other females at the Director's level within Alitalia NAM." Ex. W at D0016.

36. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further states that she had little work to do and created work for herself such as updating company phone directories. Ex. C at 237:12-238 (Lorusso Depo.) Moreover, she had no budget and no employees to supervise. Ex. O.

37. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

38. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and she refers the Court to the cited documents for their true content.

39. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and she refers the Court to the cited documents for their true content. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

40. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and she refers the Court to the cited documents for their true content. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

41. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and she refers the Court to the cited documents for their true content. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

42. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff admits that she was informed of her pending termination on or about January 18, 2007.

43. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

44. Plaintiff denies this paragraph except to the extent she refers the Court to the cited documents for their true content. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above. Plaintiff admits that Libutti "referred to a female marketing executive in Rome and he alluded to the fact she could get a higher position if she would sleep with someone."

45. Admitted. Plaintiff further refers the Court to statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

46. Admitted. Plaintiff further refers the Court to statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above.

47. Plaintiff denies this paragraph. Plaintiff further bases this denial upon statements made by Galli and Libutti raising a material issue of fact regarding their discriminatory animus towards Plaintiff. See paragraph 5 above. Moreover, Libutti remained employed at Alitalia throughout the balance of Plaintiff's tenure at Alitalia and did not leave Alitalia until March 2007. Ex. E at 28-29 (Libutti Depo). Plaintiff admits that Libutti "started the chain of events the led to . . . [her] termination."

Dated: May 30, 2008
    New York, New York

                                    Respectfully Submitted,

                                    The Ottinger Firm, P.C.

                                    By: _____
                                    Robert W. Ottinger
                                    The Ottinger Firm, P.C.
                                    South Street Seaport
                                    19 Fulton Street, Suite 408
                                    New York, New York 10038
                                    (212) 571-2000
                                    Attorneys for Plaintiff Ester Lorusso